**IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CHARTIS PROPERTY CASUALTY COMPANY | * | |
| Plaintiff | * | |
| v. | * | Case No. 13-CV-1479 DKC |
| GEORGE W. HUGUELY V | * | |
| Defendant | * | |
| And | * | |
| ANDREW MURPHY,<br>MARTA MURPHY, and<br>SHARON D. LOVE, Personal Representative of the<br>Estate of YEARDLEY R. LOVE | * | |
| | * | |
| Interested Parties | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ANSWER OF SHARON D. LOVE, Personal Representative of the Estate of YEARDLEY R. LOVE, Interested Party**

Sharon D. Love, Personal Representative of the Estate of Yeardley R. Love, by and through her attorneys, Paul D. Bekman, Emily C. Malarkey, and Salsbury, Clements, Bekman, Marder & Adkins, LLC, Answer the Complaint for Declaratory Judgment filed by Plaintiff Chartis Property Casualty Company, and state as follows:

**The Parties and Jurisdiction**

1.    Sharon D. Love admits the allegations of Paragraphs 1 through 4.

2.    Sharon D. Love lacks the requisite information to admit or deny the allegations of Paragraphs 5 and 6.

3.    Sharon D. Love admits the allegations of Paragraph 7 and 8.

1

4. As to Paragraph 9, Sharon D. Love admits that this Court has personal jurisdiction over all parties to this action, but lacks the requisite information to admit or deny the remaining allegations of this Paragraph.

5. As to Paragraph 10, Sharon D. Love admits that venue is proper in this Court, but lacks the requisite information to admit or deny the remaining allegations of this Paragraph.

6. Sharon D. Love lacks the requisite information to admit or deny the allegations of Paragraphs 11 and 12.

7. Sharon D. Love admits the allegations of Paragraph 13.

## Factual Background

8. Sharon D. Love admits the allegations of Paragraphs 14 through 21.

9. Sharon D. Love lacks the requisite information to admit or deny the allegations of Paragraphs 22 and 23.

## Factual Background – The Homeowners Policy

10. As to Paragraph 24, Sharon D. Love admits that a copy of the Homeowners Policy is attached as Exhibit 3 and further admits that, based on a review of that exhibit, the remaining allegations in Paragraph 24 appear to be true.

11. As to Paragraphs 25 through 36, Sharon D. Love admits that, based on a review of Exhibit 3, the allegations of these paragraphs appear to be true.

## Factual Background – The Excess Policy

12. As to Paragraph 37, Sharon D. Love admits that a copy of the Excess Policy is attached as Exhibit 4 and further admits that, based on a review of that exhibit, the remaining allegations in Paragraph 37 appear to be true.

13.     As to Paragraphs 38 through 49, Sharon D. Love admits that, based on a review of Exhibit 3, the allegations of these paragraphs appear to be true.

### Factual Background – Chartis' Coverage Investigation And Huguely's Refusal To Cooperate

14.     Sharon D. Love lacks sufficient information to admit or deny the allegations of Paragraphs 50 through 54.

15.     As to Paragraph 55, Sharon D. Love admits that, based on a review of Exhibit 3 and 4, the allegations of this paragraph appear to be true.

16.     Paragraphs 56 and 57 are not factual assertions that require a response from this party.

17.     Sharon D. Love lacks sufficient information to admit or deny the allegations of Paragraph 58.

18.     Sharon D. Love denies the allegations of Paragraph 59 and asserts that Huguely's legal domicile at the time of the events alleged in the Civil Litigation was in Maryland.

19.     Paragraph 60 is not a factual assertion that requires a response from this party.

20.     Sharon D. Love lacks sufficient information to admit or deny the allegations of Paragraphs 61 through 83.

21.     Paragraphs 84 and 85 contain legal conclusions that do not require a response from Sharon D. Love.

22.     Sharon D. Love denies the allegations of Paragraph 86 and asserts that Huguely has not breached his contractual obligations by asserting his Fifth Amendment privilege.

23.     Paragraph 87 contains a legal conclusion that does not require a response from Sharon D. Love.

24.     Sharon D. Love denies the allegations of Paragraph 88 and asserts that there are many ways for Chartis to perform an investigation even without obtaining an examination under oath of Huguely, including but not limited to, obtaining Huguely's recorded interview with the Charlottesville Police on May 3, 2010.

25.     Sharon D. Love denies the allegations of Paragraph 89 and asserts that Chartis has not been prejudiced by any alleged failure to cooperate on the part of Huguely.

26.     Sharon D. Love denies the allegations of Paragraph 90 and asserts that there are many individuals who have personal knowledge of the events giving rise to the Civil Litigation, including but not limited to, those individuals who were interviewed by the police and/or who testified at Huguely's criminal trial.

27.     Sharon D. Love denies the allegations of Paragraphs 91 and 92 and asserts that there are many ways for Chartis to perform an investigation even without obtaining an examination under oath of Huguely, including but not limited to, obtaining Huguely's recorded interview with the Charlottesville Police on May 3, 2010.

28.     As to Paragraph 93, Sharon D. Love admits that it appears Huguely is seeking insurance coverage under the Homeowners' and Excess Policies, but denies that Huguely is actively depriving Chartis of an opportunity to investigate his claim, and asserts that there are many ways for Chartis to perform an investigation even without obtaining an examination under oath of Huguely, including but not limited to, obtaining Huguely's recorded interview with the Charlottesville Police on May 3, 2010.

29.     Sharon D. Love denies the allegations of Paragraphs 95 and 95 and asserts that there are many ways for Chartis to perform an investigation even without obtaining an examination under oath of Huguely, including but not limited to, obtaining Huguely's recorded interview with the Charlottesville Police on May 3, 2010.

### Count I – Declaratory Judgment – Homeowners Policy

30.     No response is required to Paragraph 96.

31.     Paragraph 97 contains a legal conclusion that does not require a response from Sharon D. Love.

32.     Sharon D. Love lacks sufficient information to admit or deny the allegations of Paragraph 98.

33.     Paragraph 99 contains a legal conclusion that does not require a response from Sharon D. Love.

34.     Sharon D. Love lacks sufficient information to admit or deny the allegations of Paragraphs 100 through 102.

35.     Paragraph 103 contains a legal conclusion that does not require a response from Sharon D. Love.

36.     Sharon D. Love denies the allegations of Paragraphs 104 and 105 and asserts that there are many ways for Chartis to perform an investigation even without obtaining an examination under oath of Huguely, including but not limited to, obtaining Huguely's recorded interview with the Charlottesville Police on May 3, 2010.

WHEREFORE, Interested Party, Sharon D. Love, states that Chartis is not entitled to the relief it seeks and further seeks the following relief:

(1)   A declaration that Chartis has a duty under the Homeowners Policy to defend Huguely from any claim asserted by him against Sharon D. Love in the Civil Litigation or any other claim that otherwise arises out of the alleged physical altercation between Huguely and Yeardley R. Love on May 2-3, 2010 or any injuries suffered by Yeardley R. Love in connection therewith, including her death;

(2)   A declaration that Chartis has a duty under the Homeowners Policy to indemnify Huguely for any sums that he becomes liable to pay to Sharon D. Love in the Civil Litigation or as a result of any other claim that otherwise arises out of the alleged physical altercation between Huguely and Yeardley R. Love on May 2-3, 2010 or any injuries suffered by Yeardley R. Love in connection therewith, including her death; and

(3)   Any further or necessary or proper relief as the Court deems appropriate.

## Count I – Declaratory Judgment – Excess Policy

37.   No response is required to Paragraph 106.

38.   Paragraph 107 contains a legal conclusion that does not require a response from Sharon D. Love.

39.   Sharon D. Love lacks sufficient information to admit or deny the allegations of Paragraph 108.

40.   Paragraph 109 contains a legal conclusion that does not require a response from Sharon D. Love.

41.   Sharon D. Love lacks sufficient information to admit or deny the allegations of Paragraphs 110 through 112.

42. Sharon D. Love denies the allegations of Paragraphs 114 and 115 and asserts that there are many ways for Chartis to perform an investigation even without obtaining an examination under oath of Huguely, including but not limited to, obtaining Huguely's recorded interview with the Charlottesville Police on May 3, 2010.

WHEREFORE, Interested Party, Sharon D. Love, states that Chartis is not entitled to the relief it seeks and further seeks the following relief:

(1) A declaration that Chartis has a duty under the Excess Policy to defend Huguely from any claim asserted by him against Sharon D. Love in the Civil Litigation or any other claim that otherwise arises out of the alleged physical altercation between Huguely and Yeardley R. Love on May 2-3, 2010 or any injuries suffered by Yeardley R. Love in connection therewith, including her death;

(2) A declaration that Chartis has a duty under the Excess Policy to indemnify Huguely for any sums that he becomes liable to pay to Sharon D. Love in the Civil Litigation or as a result of any other claim that otherwise arises out of the alleged physical altercation between Huguely and Yeardley R. Love on May 2-3, 2010 or any injuries suffered by Yeardley R. Love in connection therewith, including her death; and

(3) Any further or necessary or proper relief as the Court deems appropriate.

## Affirmative Defenses

43. Sharon D. Love asserts that Plaintiff's claim is barred by the following affirmative defenses:

   a. Accord and satisfaction;

    b. Estoppel;

    c. Laches;

    d. Res judicata;

    e. Statute of limitations;

    f. Waiver.

44. Sharon D. Love further asserts as an affirmative defense that Chartis is not entitled to a declaration that it is not obligated to defend or indemnify for the following reasons:

    a. Huguely's assertion of his Fifth Amendment privilege does not violate the terms of the Homeowners or Excess Policies;

    b. Chartis has not been prejudiced by any alleged failure on Huguely's part to cooperate in its investigation because Chartis has other means and methods of adequately and thoroughly investigating this claim;

    c. Chartis has not been prejudiced by any alleged failure on Huguely's part to cooperate in its investigation because Chartis is in possession, or can easily be in possession, of Huguely's oral statement given to the Charlottesville Police Department on May 3, 2010, which states in great detail Huguely's version of the events that gave rise to the Civil Litigation and which is tantamount to an "examination under oath;"

    d. Chartis has not been prejudiced by any alleged failure on Huguely's part to cooperate in its investigation because both parties to the Civil Litigation (Huguely and Sharon D. Love) have requested that the Charlottesville Court stay that case pending resolution of Huguely's criminal appeal. Once Huguely's criminal appeal

has concluded, the stay will be lifted and Chartis will be able to obtain the examination under oath it requires, curing any prejudice and allowing all parties to the Civil Litigation to proceed on the merits with full discovery.

WHEREFORE, Interested Party, Sharon D. Love, seeks the following relief:

(1) A declaration that Chartis has a duty under the Excess Policy to defend Huguely from any claim asserted by him against Sharon D. Love in the Civil Litigation or any other claim that otherwise arises out of the alleged physical altercation between Huguely and Yeardley R. Love on May 2-3, 2010 or any injuries suffered by Yeardley R. Love in connection therewith, including her death;

(2) A declaration that Chartis has a duty under the Excess Policy to indemnify Huguely for any sums that he becomes liable to pay to Sharon D. Love in the Civil Litigation or as a result of any other claim that otherwise arises out of the alleged physical altercation between Huguely and Yeardley R. Love on May 2-3, 2010 or any injuries suffered by Yeardley R. Love in connection therewith, including her death; and

(3) Any further or necessary or proper relief as the Court deems appropriate.

_____/s/_____
Paul D. Bekman
Emily C. Malarkey
SALSBURY, CLEMENTS, BEKMAN,
MARDER & ADKINS, LLC
300 West Pratt Street, Suite 450
Baltimore, MD 21201
(410) 539-6633
*Attorneys for Sharon D. Love*