IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| CHARTIS PROPERTY CASUALTY COMPANY | : | |
| v. | : | Civil Action No. DKC 13-1479 |
| GEORGE W. HUGUELY, V | : | |
|  | : | |

**MEMORANDUM OPINION AND ORDER**

Presently pending and ready for review in this insurance case are the motion for reconsideration of this court's October 15, 2013 Memorandum Opinion and Order and the motion to lift the stay entered on October 15, 2013, both filed by Plaintiff Chartis Property Casualty Company.  (ECF Nos. 38 and 43).  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, Plaintiff's motions will be denied.

**I.  Background**

As discussed in greater detail in the October 15, 2013 opinion (ECF No. 36), this case involves the intersection of three actions, all of which have Huguely as the defendant: a criminal case, a civil case, and an insurance case.  On February 22, 2012, a jury in the Circuit Court for the City of Charlottesville, Virginia found Huguely guilty of second-degree murder of Yeardley R. Love ("Criminal Case").  Huguely

petitioned for appeal of his conviction to the Court of Appeals of Virginia, claiming multiple errors in his trial.   In April 2013, the Court of Appeals granted Hughely's petition as to two issues, and subsequently added three additional issues for appeal in June 2013.   (ECF Nos. 24-1 and 24-2).

On April 26, 2012, Sharon D. Love, as administrator of the estate of Yeardley R. Love, brought a wrongful death suit against Huguely in the Circuit Court for the City of Charlottesville ("Civil Case").   (ECF No 1-1).   That complaint was amended on April 30, 2013 and seeks nearly $30 million dollars in compensatory damages and an additional $1 million dollars in punitive damages.   (ECF No. 1-2, Case No. CL-2012-130).   Defendant represents that he requested a stay of the case pending the completion of his criminal case on July 17, 2012 and Ms. Love has done likewise.   The circuit court has not yet acted upon these requests.

The case in this court concerns whether Plaintiff, an insurance company, has no duty pursuant to Huguely's insurance policies to defend or indemnify Huguely in the Civil Case ("Insurance Case").   Huguely's mother and step-father purchased a Homeowners policy that became effective on January 25, 2010. (ECF No. 1 ¶ 24).   The policy would pay for the costs to defend, and any subsequent damages incurred, by the actions of the insured or a "family member."   "Family member" is defined as "a

person related to [the insured] by blood, marriage or adoption that lives with [the insured]." (*Id.* ¶ 31).  Coverage does not extend to personal injury or property damage resulting from any criminal, willful, intentional or malicious acts.  (*Id.* ¶ 35). Importantly for the present dispute, the policy sets out the insured's duties after a loss, to include submitting to a separate examination under oath as often as Chartis reasonably requires. (*Id.* ¶ 36).

Beginning on May 22, 2012, Chartis contacted Huguely that it was undertaking an investigation of the Civil Case and informed Huguely of its obligations under the insurance policy. Chartis advised Huguely that it would be contacting Defendant in the future to schedule an examination under oath.  (*Id.* ¶ 51). Huguely, through counsel, has consistently refused to submit to an examination under oath, asserting his Fifth Amendment right against self-incrimination.  Chartis seeks a declaratory judgment that Huguely's refusal to cooperate with Chartis's investigation as required by the insurance contract constitutes a material breach resulting in actual prejudice, and that therefore Chartis has no duty to defend or indemnify Huguely in the Civil Case.  Chartis did not allege that it had no duty to defend or indemnify Huguely because of his intentional and/or criminal acts.

Defendant moved to stay these proceedings while his criminal appeal was pending. In a Memorandum Opinion and Order dated October 15, 2013, this court granted that motion, finding that the Defendant established the propriety of a stay so long as it is tied to the resolution of the Criminal Case or a decision to proceed in the Civil Case, whichever occurs sooner. The undersigned found important the similarity of issues between the Insurance Case and the Criminal Case and the fact that both the plaintiff and defendant in the Civil Case requested a stay. Consequently, the stay in this case was tied to the status of Mr. Huguely's other proceedings:

> This stay will remain in effect until the sooner of two outcomes: (1) the resolution of the criminal case *Commonwealth of Virginia v. George W. Huguely, V*, Circuit Court of the City of Charlottesville, Case Numbers 11-102-01, 11-102-05, currently on appeal to the Court of Appeals of Virginia, Case Number 1697-12-2; or (2) the motions to stay are denied in the civil case *Sharon D. Love, Administrator of the Estate of Yeardley Love, Deceased v. George W. Huguely, V*, Circuit Court of the City of Charlottesville, Case Number CL-2012-130.

(ECF No. 36, at 10-11).

On October 29, 2013, Plaintiff filed a motion to reconsider. (ECF No. 38). Interested Party Sharon Love opposed the motion on November 11, 2013 (ECF No. 39), and Defendant Huguely opposed the motion on November 15, 2013 (ECF No. 40). Plaintiff replied on November 25, 2013. (ECF No. 41).

Following the Court of Appeals of Virginia's decision, Plaintiff filed a motion to lift the stay on April 1, 2014. (ECF No. 43). Huguely and Love separately opposed the motion on April 18, 2014. (ECF Nos. 44 and 45).

Because Plaintiff seeks reconsideration of a non-final, interlocutory order, its motion is properly analyzed under Fed.R.Civ.P. 54(b). *See* Fed.R.Civ.P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action . . . and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). The precise standard governing a motion for reconsideration of an interlocutory order is unclear. Although the standards articulated in Rules 59(e) and 60(b) are not binding in an analysis of Rule 54(b) motions, *see Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 504, 514 (4th Cir. 2003), courts frequently look to these standards for guidance in considering such motions, *see Cohens v. Md. Dep't of Human Res.*, 933 F.Supp.2d 735, 741 (D.Md. 2013). Under Rule 59(e), a motion to alter or amend a final judgment may be granted only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am.*

*Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Under Rule 60(b), a court may grant relief from a judgment or order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reason that justifies relief. Fed.R.Civ.P. 60(b).

Chartis represents that the stay in this case represents a manifest injustice because the motion for a stay in the Civil Case has not been granted but remains pending over a year after it was filed. Consequently, the Civil Case continues forward and Chartis continue to defend the case and will be obligated to do so until there is a clear determination of Chartis's rights vis-à-vis Huguely. In support, Chartis provides an affidavit of one of its counsel, James Haynie. He states that Chartis continues to incur significant expense and legal fees associated with the Civil Case pursuant to its disputed contractual obligations. (ECF No. 38-1). In its motion, Plaintiff submits that the parties in the Civil Case continue to file motions and conduct discovery. (ECF No. 38-2, at 2). Chartis contends that granting the stay does a disservice to the court's and the public's interest in fair and consistent enforcement of contracts because as it currently stands, Huguely is permitted to shirk his obligation to submit to an examination under oath while at the same time forcing Chartis to abide its obligations

6

in the Civil Case with no recourse against the breaching party. Chartis requests the stay be lifted and this case proceed, with the possibility that the stay could be reinstated if either a new trial is granted in the Criminal Case or if the motion to stay is granted in the Civil Case.

Chartis has not demonstrated that the stay should be reversed.  Mr. Haynie's affidavit is devoid of details as to what sort of work the Civil Case has demanded of Chartis. Chartis explains its reticence to provide specifics as due to the privileged nature of communications between Chartis and Defendant's counsel, and the adversarial relationship of the parties to the civil litigation.  While acknowledging these considerations, it is not apparent that more detail could not be provided, such as the type and number of motions filed, which are presumably public record.  Given this absence of specifics, it is difficult to credit Chartis's representations.  Ms. Love, in opposition, files an affidavit from her counsel.  Counsel states that "[t]here is no current activity in the wrongful death suit, no hearings scheduled, no depositions scheduled, nor is any activity contemplated while Mr. Huguely continues to assert his constitutional right." (ECF No. 39-1).  Given the activity – or lack thereof – in the Civil Case, it is not apparent that maintaining the stay will work a manifest injustice to Chartis.  Whatever disrespect to the interest in

7

fair and consistent contract enforcement that is wrought by the stay in this case is not due to the actions of Mr. Huguely, but instead to the inaction on the Civil Case's motion to stay, motions which were filed by both plaintiff (Ms. Love) and defendant (Mr. Huguely).   The motion to reconsider the order granting the stay will be denied.

More recently, Plaintiff has informed the court that the Court of Appeals of Virginia issued a ruling in Mr. Huguely's criminal appeal.  *Huguely v. Commonwealth*, 63 Va.App. 92 (2014). The Court of Appeals rejected Mr. Huguely's arguments and, therefore, Chartis moves to lift the stay as it contends that one of the conditions to reopen the case has been met, namely that the criminal appeal has been resolved.   (ECF No. 43). Chartis's argument is not persusaive.   As Mr. Huguely and Ms. Love point out, the court did not stay the case until the criminal *appeal* was resolved, but instead until the criminal *case* was resolved.   According to Mr. Huguely, those proceedings have not been resolved as the case is proceeding to the Supreme Court of Virginia.   He has provided the filed a notice of appeal.  (ECF No. 44-1).  Consequently, the criminal case will either (1) be denied further review, effectively concluding state appellate proceedings; or (2) the Virginia Supreme Court will accept the case for review, thereby replicating the circumstances that led this court to stay its proceedings.   In

either circumstance, it would be premature to lift the stay now as there would be minimal harm while waiting to see what the Virginia Supreme Court does.  Furthermore, Chartis has not made any indication that the status of the Civil Case has changed in the six months since its last filing.

Therefore, for the reasons stated, it is this 3rd day of July, 2014, by the United States District Court for the District of Maryland, ORDERED that:

1.    The motion to reconsider filed by Plaintiff Chartis Property Casualty Company (ECF No. 38) BE, and the same hereby IS, DENIED;

2.    The motion to lift the stay filed by Plaintiff (ECF No. 43) BE, and the same hereby IS, DENIED; and

3.    The clerk will transmit copies of the Memorandum Opinion and Order to counsel for the parties.

                              /s/
                              _____
                              DEBORAH K. CHASANOW
                              United States District Judge
