IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARTIS PROPERTY CASUALTY
  COMPANY

    v.                                     Civil Action No. DKC 13-1479

GEORGE W. HUGUELY, V

**MEMORANDUM OPINION AND ORDER**

For the following reasons, Plaintiff's second motion to lift stay and reopen case (ECF No. 50) is GRANTED.

This insurance coverage declaratory judgment action was stayed pending completion of the criminal appeal in *Commonwealth v. George W. Huguely, V*, or any change in the status of the civil case, *Sharon D. Love, Administrator of the Estate of Yeardley Love, Deceased v. George W. Huguely, V*, in the Circuit Court of the City of Charlottesville, Virginia. The United States Supreme Court denied Mr. Huguely's petition for writ of certiorari on October 5, 2015, and, while the trial of the Virginia civil case is stayed until September, 2016, it appears that the parties are authorized to engage in discovery and the purpose of the stay is to enable this court to resolve this declaratory judgment action.

The completion of the direct appeal process significantly changes the application of any Fifth Amendment privilege:

> The privilege protects its holders only against the risk of legal criminal liability. It provides no protection against the disgrace

and practical excommunication from society which might result from disclosure of matter which, under the circumstances, could not give rise to criminal liability.

If the risk of criminal liability is removed there is no privilege. It is clear, then, that the privilege does not apply when prosecution and conviction is precluded by passage of the period of limitations, pardon, prior acquittal, or a grant of immunity. When prior conviction removes the risk of criminal liability, then the privilege is similarly rendered inapplicable. Whether that risk is actually removed by prior conviction, however, presents some special problems.

If direct appeal from a conviction is pending or remains available, a convicted defendant might, despite his conviction, harbor hope that his conviction will be reversed on appeal and that any disclosures he makes would be used to incriminate him upon any retrial that follows. Because of this possibility, the courts have generally held that a convicted defendant retains the protection of the privilege until appeal is exhausted or until the time for appeal expires. The risk of a reversal and retrial is not so remote as to constitute a negligible risk under the prevailing standard.

Whether the possibility that a conviction might be invalidated in collateral attack should render the privilege available is another matter. Collateral attack is generally available at any time, so regarding the risk of retrial after a successful attack of this sort as preserving protection would dramatically expand the protection of the privilege. The best solution is to treat the possibility of successful collateral attack and retrial as raising the question of whether the facts present a "real and appreciable" danger of incrimination. In the absence of some specific showing that collateral attack

> is likely to be successful, a conviction should be regarded as removing the risk of incrimination and consequently the protection of the privilege. Most courts, however, treat the finality of a conviction as unqualifiedly removing the risk of incrimination.

McCormick on Evid. § 121 (7th ed.)(notes omitted).  Among the authorities cited for the final sentence is *Archer v. State*, 383 Md. 329, 344 (2004), which noted that a witness could not invoke the Fifth Amendment privilege to refuse to testify "because no appeal or [direct] sentence review was pending and the time for appeal and sentence review had expired."  *See also Johnson v. State*, 223 Md.App. 775 (2015) (holding that a witness' testimony was compellable as soon as the witness "had exhausted his appeals" despite his invocation of the Fifth Amendment).  The equities are, thus, much changed and it is time to resume this litigation.

Plaintiff has indicated an intent to move for leave to amend.  Any such motion must be filed within 21 days.  After that motion is resolved, a schedule will be set for further proceedings.

SO ORDERED this 5th day of January, 2016.

                                        /s/
                               DEBORAH K. CHASANOW
                               United States District Judge

3